# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT HEITZ, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:13-cv-1731-WTL-DKL |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Brent Heitz for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-05-0114. For the reasons explained in this entry, Heitz's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of earned credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On May 16, 2013, Investigator R. Gaskin wrote a Report of Conduct in case IYC 13-05-0114 charging Heitz with violation of any federal, state, or local criminal law, not otherwise

covered by any other disciplinary code offense for violating Ind. Code § 34-26-5-9(b) (Ex Parte Order of Protection). The conduct report states:

> On April 25, 2013, the victim of offender Watkins with an active Protective Order, reported that Ashley Heitz wife of offender Heitz, Brent #953775, contacted them on behalf of offender Watkins violating the court order.
>
> See Report of Investigation

[Filing no. 10-6].

> The report of investigation states:
>
> On April 25, 2013 this office received information alleging that Gregory Watkins #230875, conspired with offender Brent Heitz #953775, to violate a court order of protection. During an interview Watkins he [sic] admitted that he gave offender Heitz information and directions to his victim's residence. Heitz denied the allegation that Ashley Heitz and a second woman came to the victims residence stating that they were family of offender Heitz sent by Gregory Watkins. Watkins is housed at HSU were [sic] Heitz worked, Watkins admitted that he gave Heitz the victims' information and Heitz contacted his wife and the second female to make contact with the victim. The court order issued on 1-12-2012 states that this order will expires [sic] on 1-12-2014. The order reads, "The respondent is prohibited from harassing, annoying, telephoning, contacting, or no direct or indirect communicating with the petitioner".

[Filing no. 14-1]. On May 16, 2013, Heitz was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He did not request a lay advocate, and did not request to call any witnesses. Heitz did not request any physical evidence, but the words Report of Investigation and Phone Records appear in the space below the waiver of his right to request physical evidence. [Filing no. 14-2].

The hearing officer conducted a disciplinary hearing in IYC 13-05-0114 on May 22, 2013, and found Heitz guilty of the charge of violation of any federal, state, or local criminal law. In making this determination, the hearing officer considered the staff reports, the offender's statement, and the case-file/PCS phone system. The hearing officer imposed the following

sanctions: a 45 day loss of telephone privileges; 180 days of disciplinary segregation with 28 days served; a 365 day loss of earned credit time, and a demotion from credit class 1 to credit class 3. These sanctions were imposed because of the seriousness of the offense, the frequency and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which the violation disrupted/endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Heitz appealed the disciplinary proceeding through the administrative process, asserting that he did not know about the restraining order, and that he should be found guilty of a lesser offense. The final reviewing authority changed the offense to Class A-111 attempting or conspiring or aiding and abetting with another to commit any Class A offense/Class A-100, violation of any federal, state or local criminal law (IC 34-26-5-9(b)). The sanctions remained the same. Heitz now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied and the evidence was insufficient to support a guilty finding.

### C. Analysis

Heitz is not entitled to habeas relief because the guilty finding was supported by sufficient evidence and he was afforded due process. Heitz's first claim is that the evidence is insufficient to support a guilty finding because he did not have the intent to commit the violation or know of the restraining order.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability

beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457.

Here, Heitz argues that the evidence was insufficient because he did not have the intent to commit this offense because he did not know about the protective order against inmate Watkins. The conduct report and Report of Investigation state that Watkins gave Heitz information and directions to his (Watkins') victim's residence. The victim is the subject of the order of protection against Watkins. Heitz directed his wife and a second female to contact Watkins' victim. Hietz's wife and female friend went to the victim's residence stating they were family of Heitz and were sent by Watkins.

The final reviewing authority changed Heitz's offense from violation of any federal, state, or local criminal law to attempting or conspiring or aiding and abetting with another to commit violation of any federal, state or local criminal law (IC 34-26-5-9(b)). The evidence above is sufficient to find Heitz guilty of attempting or conspiring or aiding and abetting with another to commit any Class A offense, violation of any federal, state or local criminal law. More specifically, Heitz aided Watkins in violating Indiana Code § 34-36-5-9(b) which prohibits

direct or indirect communication with the subject of the protection order when, at Watkins' direction, he sent his wife to the victim's residence.

Next, Heitz argues that his due process rights were violated because he requested physical evidence, phone records, a copy of the protective order, and a witness statement from inmate Watkins' father, but was denied such evidence. The facts contradict this argument. On May 16, 2013, Heitz was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He did not request a lay advocate, and did not request to call any witnesses. Heitz did not request any physical evidence, but the words Report of Investigation and Phone Records appear in the space below his waiver of his right to request physical evidence. [Filing no. 14-2]. In finding Heitz guilty, the hearing officer relied on the staff reports, which would include the Report of Investigation, and the PCS phone system. Thus, the hearing officer relied on the evidence Heitz requested.

In claiming that his due process rights were violated when the screening officer failed to record the evidence Heitz requested during the screening process, he points to Indiana Department of Correction policy 02-04-101. However, alleged violations of state policies are not cognizable claims in a habeas petition. *Hester v. McBride*, 966 F. Supp. 765-744-75 (N.D. 1997). Heitz received the process he was due.

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and

there was no constitutional infirmity in the proceedings. Accordingly, Heitz's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 06/05/2014

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Brent Heitz
#953775
Plainfield Correctional Facility
Inmate Mail/Parcels
737 Moon Road
Plainfield, Indiana 46168

Electronically registered counsel